IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO  DIVISION

| | | |
|---|---|---|
| JAMES R. WRIGHT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:03CV000363 SWW |
| AUTOMATED CONVEYOR | * | |
| SYSTEMS, INC., CHARLES DOTY, | * | |
| CLIFTON BAILEY, and MIKE | * | |
| SANDERS | * | |
| | * | |
| Defendants | * | |
| | * | |

**ORDER**

Plaintiff James Wright ("Wright"), who is black, brings this employment discrimination action against his former employer, Automated Conveyor Systems, Inc. ("Automated"), the president of Automated, Charles Doty, and Automated employees Clifton Bailey and Mike Sanders.  Wright claims that Defendants terminated his employment based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and conspired to deprive him of equal protection of the law, in violation of 42 U.S.C. § 1985(3).  Wright also brings supplemental state law claims for intentional infliction of emotional distress and defamation.

Before the Court is Defendants' motion for summary judgment (docket entry #44); Wright's response (docket entry #49); and Defendants' reply (docket entry #54).  After careful consideration, and for the reasons stated below, the Court concludes that Defendants are entitled to summary judgment as to Wright's discrimination and conspiracy claims and that Wright's

state law claims should be dismissed, without prejudice.

**I.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

**II.**

The following facts are undisputed. Automated, a manufacturer and seller of conveyor systems, hired Wright in December 1999 as a design engineer. On July 11, 2003, Defendant Doty received a report that Wright had approached Defendant Bailey, on company time, and offered to sell him illegal drugs.[1] Doty investigated the report and questioned four employees,

---

[1] According to Wright's response to Defendants' statement of undisputed facts, he does not dispute that Doty received information that Wright offered to sell Bailey illegal drugs. *Compare* docket entry #46, ¶ 8, *with* docket entry #50, ¶ 8. However, Wright states that Defendants' statement of undisputed facts "is disputed as incomplete as the Plaintiff is not aware of the manner in which the alleged offense came to the attention of Doty. Docket entry #50, ¶ 10.

three of whom stated that Wright had offered to sell them drugs.  Wright maintains that the employees lied to Doty and that he never solicited employees to buy drugs.  Doty terminated Wright's employment for the stated reason that he solicited coworkers to buy illegal drugs**.**

### III.

**Title VII**

Automated argues that no genuine issues exist regarding Wright's claims brought pursuant to  Title VII.  Because Wright bases his discrimination claims on inferential rather than direct evidence,  the three-part, burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973), is applicable.   Under that framework, to establish a prima facie case of discrimination, Wright must show (1) he is a member of a group protected under Title VII, (2) he was qualified for the position he held, (3) he suffered adverse employment action, and (4) the adverse action occurred under circumstances that give rise to an inference of discrimination. *Wheeler v. Aventis Pharmaceuticals*, 360 F.3d 853, 857 (8th Cir. 2004).  If Wright establishes a prima facie case, a rebuttable presumption of discrimination arises, and the burden of production shifts to Automated to articulate a legitimate, nondiscriminatory reason for its action.  *Id*.  If Automated satisfies its burden, Wright may prevail with evidence that the proffered reason is pretext for discrimination.  *Id.*

Automated has proffered a legitimate reason for discharging Wright: It believed that he attempted to sell coworkers illegal drugs at work.[2]

Wright argues that Automated offers no admissible evidence to substantiate its proffered

---

[2] For the purpose of review, the Court assumes that Wright can make out a prima facie case of race discrimination.

reason terminating his employment.  However, Automated need only articulate a legitimate, non-discriminatory reason for firing Wright--this is a burden of production, not proof.  *See Krenik v. County of Le Sueur,* 47 F.3d 953, 958 (8th Cir.1995).  Automated has satisfied its burden of production.  According to the Defendant Doty's deposition testimony, three of Wright's coworkers told him that Wright offered to sell them illegal drugs, *see* docket entry #44, Ex. 2, at 17-21, and two of the three coworkers provided Doty written statements that Wright approached them on company time and offered to sell them some "bud", i.e., marijuana.  Docket entry #44, Ex. 5.  Wright argues that Automated's evidence amounts to unsubstantiated hearsay.  However, Doty's deposition testimony and the written statements are not offered to prove the truth of matters asserted--they are relevant and admissible to explain Doty's conduct.  *See Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997)(citation omitted).

      Wright maintains that he never solicited the sale of drugs at work.  However, Wright cannot overcome Automated's proffered reason for terminating him merely by proclaiming his innocence.  Instead, he must come forward with evidence showing that discrimination was the motivation behind his dismissal.   In an attempt to make such a showing, Wright submits the affidavit of Samuel Bohannon, a former Automated employee.  Bohannon testifies that he witnessed another Automated employee, Mark Stewart, working while under the influence of drugs.  Docket entry #49, Ex. C.

      Instances of disparate discipline can support a finding of pretext, but Wright has the burden of proving that he and disparately treated white employees were "similarly situated in all relevant respects."  *Wheeler v. Aventis Pharmaceuticals,* 360 F.3d 853, 858 (8th Cir. 2004). Employees are similarly situated in this context only when they are involved in or accused of the same offense and are disciplined in different ways.  *Id*.

Here, Wright claims that Stewart worked while under the influence of drugs, conduct that differs substantially from soliciting the sale of illegal drugs.[3] The Court concludes that the record fails to support Wright's charge that Automated disciplined him more severely than similarly-situated white employees.

Wright also claims that, after his termination, Automated hired a white employee to fill his position. Evidence that Automated replaced Wright with a white employee is sufficient to support a prima facie case of discrimination. However, in light of Automated's proffered reason for adverse employment action, such evidence is insufficient to create an issue for trial. *See Sprenger v. Federal Home Loan Bank of Des Moines,* 253 F.3d 1106, 1111 (8th Cir. 2001)("A court may therefore conclude that in light of the employer's non-discriminatory rationale, the plaintiff's [prima facie] evidence does not permit a reasonable inference of discrimination."). The Court concludes that no triable issues exist regarding Wright's race discrimination claim.

**Conspiracy**

Wright charges Defendants with conspiring to deprive him of equal protection in violation of 42 U.S.C. § 1985(3). He alleges that Defendants "conspired to concoct a false reason for his dismissal" in order to cover the true reason for his dismissal–racial discrimination. Defendants assert that no genuine issues for trial exist with respect to Wright's conspiracy claim, and the Court agrees.

To prevail with his conspiracy claim, Wright must prove that Defendants conspired to

---

[3] Additionally, Bohannon does not state Stewart's race, whether Doty was aware that Stewart worked while under the influence of illegal drugs, or whether Stewart was disciplined for working while under the influence of drugs. Wright cites pages 155-56 of his deposition to support his assertion that Doty knew that Stewart worked under the influence of drugs. *See* docket entry #49, at 5-6. However, that portion of Wright's deposition testimony is not included in the record.

deprive him of a constitutional right, that Doty, Bailey, or Sanders engaged in an overt act in furtherance of the conspiracy; and that the overt act injured him. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Additionally, Wright must prove a deprivation of his right to equal protection--a conspiracy to deprive, without a deprivation, is insufficient. *Id*. Because Wright presents no facts showing that he suffered intentional discrimination based on race, his conspiracy claim must fail.

**State-law Claims**

Remaining are Wright's intentional infliction of emotional distress and defamation claims brought pursuant to state law. Having dismissed each of Wright's claims over which this Court has original jurisdiction, the Court will dismiss his state law claims, without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (docket entry #44) is GRANTED. Pursuant to the judgment entered together with this order, Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e)-5, and his conspiracy claims pursuant to 42 U.S.C. § 1985 are hereby DISMISSED WITH PREJUDICE. Plaintiff's supplemental state-law claims are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 16TH DAY OF AUGUST, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE